IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-31,852-03






EX PARTE CHRISTOPHER RYAN TROLLINGER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 13,765 IN THE 258TH DISTRICT COURT


FROM POLK COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
unlawful possession of a firearm by a felon and one count of aggravated assault. He was sentenced
to twenty years' imprisonment for the unlawful possession of a firearm count and sixty years'
imprisonment for the aggravated assault count years' imprisonment. He did not appeal his
conviction.

 Applicant contends that he was incompetent to stand trial, and that his trial counsel rendered
ineffective assistance because counsel failed to conduct any investigation into Applicant's mental 


2

health history. Trial counsel has submitted an affidavit in which he states that he limited his
investigation in this case because he did not believe that the complainant and other witness would
testify, and therefore did not believe that the case would ever reach the punishment stage. Counsel
also states in his affidavit that he did not investigate Applicant's mental health history because he
did not believe that Applicant's grandmother would acquiesce to such an investigation. In his
affidavit, counsel describes Applicant's behavior during trial as "uncontrollable" and states that
Applicant was unable to have a rational conversation with him or follow his direction. Counsel
states his belief, in retrospect, that Applicant was not competent to stand trial.

 This Court has previously remanded this matter twice to the trial court to obtain more
information and findings of fact. Following the first remand, the trial court entered findings of fact
that were not supported by the record. The second remand resulted in the production of an unofficial
record of the trial, but no additional findings of fact. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall conduct a live habeas hearing.

 The trial court shall first determine whether Applicant is indigent. If Applicant is indigent
and is not represented by counsel, the trial court shall appoint an attorney to represent Applicant at
the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to the extent of counsel's
pre-trial investigation and whether his decisions to limit his investigation were reasonable. The trial 


3

court shall make findings as to whether trial counsel communicated with Applicant regarding trial
strategy or whether he was taking direction from Applicant's relatives. The trial court shall make
findings as to whether trial counsel had reason to question Applicant's competency based on
Applicant's behavior before or during trial. The trial court shall make findings as to whether
counsel's failure to present evidence regarding Applicant's mental-health history during the
punishment phase of trial constituted deficient performance and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: November 6, 2013

Do not publish